# 142

**WASHINGTON FARMS, Inc.**

v.

**UNITED STATES.**

Civ. No. 998.

United States District Court,
M. D. Georgia, Macon Division.

Nov. 6, 1953.

W. H. Harris, Fort Valley, Ga., for plaintiff.

Frank O. Evans, U. S. Atty., Jack J. Gautier, Asst. U. S. Atty., Macon, Ga., for defendant.

DAVIS, Chief Judge.

The plaintiff filed its income and declared value excess-profits tax return and its excess-profits tax return for the year 1942 on March 15, 1943. On January 19, 1948, the Commissioner mailed to the plaintiff by registered mail a deficiency notice, asserting deficiencies in taxes amounting to $21,254.95, besides interest.

On April 15, 1948, the plaintiff paid said deficiencies, together with interest, the total amount being $27,737.71. On May 21, 1948, the Commissioner assessed these deficiencies.

On March 27, 1950, plaintiff filed its claim for refund on the grounds that the assessment and collection of said deficiencies were barred by the statute of limitations.

On September 6, 1951, the Collector refunded to plaintiff the sum of $2,043.58, leaving unrefunded a balance of $25,-694.13 of the payment on the asserted deficiencies. The Commissioner disallowed plaintiff's claim for refund of that balance on September 26, 1951, and plaintiff filed this action to recover $25,694.13, together with interest from April 15, 1948.

The plaintiff filed a motion for summary judgment, together with supporting affidavits. According to the plaintiff's affidavits, the gross income of plaintiff for 1942, as stated in the return, was $119,172.63, and the only amounts which plaintiff was charged with omitting from its income totalled $8,757.61, said amount being much less than 25% of plaintiff's gross income.

The defendant filed no counter-affidavits in opposition to plaintiff's motion and in its answer did not allege plaintiff's gross income, nor amounts claimed to have been improperly omitted from plaintiff's return.

On the basis of these facts, the Court finds that the defendant has failed to establish that the case falls within Section 275(c) of the Internal Revenue Code, 26 U.S.C.A., which, together with Section 277 of the Internal Revenue Code, provides that deficiencies may be assessed within five years and 150 days after the return is filed. On the contrary, the plaintiff has established by uncontradicted allegations and affidavits that there was not an omission of 25% of includible gross income, so as to subject plaintiff to a deficiency assessment

at any time within five years and 150 days after the return was filed.

The defendant having failed to show that the limitation stated in Section 275 (c) is applicable, the Court finds that Section 275(a) is applicable, that more than three years and 150 days elapsed after the filing of the return before any assessment was made and, therefore, concludes that the assessment and collection of the asserted deficiencies were barred by the statute of limitations, and the plaintiff is entitled to a refund of the sums paid on said deficiencies. Section 275(a) and Section 277, Internal Revenue Code.

Let the plaintiff present a judgment in accordance with the foregoing findings of fact and conclusions of law.